IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| VERNON JAMES REED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CV 01-H-0318-NE |
| ) | |
| OFFICER ROBERT DEAN, WARDEN ) | |
| JON SLICK, CAPTAIN MYRA YATES, ) | |
| and COMMISSIONER MICHAEL ) | |
| HALEY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on March 16, 2001, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed under 28 U.S.C. § 1915A(b) for failure to state a claim for which relief can be granted. The plaintiff filed objections to the report and recommendation on March 21, 2001.

Plaintiff objects to the magistrate judge's finding that his constitutional rights were not violated when he was denied visitation with his wife while incarcerated in the Morgan County Jail. Plaintiff maintains that the reason given by Captain Yates for refusing the visitation was a complete fabrication "to avoid the true issues of why officers turned away Mrs. Reed." Regardless of the reason for not allowing plaintiff's wife to visit with her husband, defendants did not violate plaintiff's constitutional rights by that action. To the extent there was a violation of anyone's rights by the defendants' refusal to allow Mrs. Reed to visit with her husband while he was in jail, that

claim would have to be made by her and plaintiff cannot raise it for her. To the extent plaintiff's claim can be construed a claim that he was denied visitation rights because he was not allowed to visit with his wife on one occasion, he has failed to raise a constitutional claim inasmuch as prisoners do not have a constitutional right to visitation arising from the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution. *See Kentucky Dep't. of Corrections v. Thompson*, 490 U.S. 454, 461 (1989). Furthermore, by his own admission, plaintiff has not been denied any right he may have to visitation since he was allowed to visit with his father.

Plaintiff also makes a vague allegation that an unidentified officer has denied him medical treatment. Plaintiff made a similar conclusory statement in his amended complaint. The amended complaint was filed in response to the magistrate judge's order in which plaintiff was told exactly what information he must provide in order to adequately state a claim against someone pursuant to §1983. Plaintiff was told that he must state who violated his constitutional rights, specifically what happened, and when the incident occurred. Plaintiff failed to provide any of this information and merely alluded to a denial of medical treatment and attached a note he had written to Captain Yates asking to be transferred from the main jail to the annex. Plaintiff concluded by asking to be transferred to a state prison for medical treatment. Even if plaintiff had adequately stated a claim for which relief could be granted, this court has no authority to order the Alabama Department of Corrections to transfer an individual prisoner from one specific facility to another. Plaintiff's vague and conclusory statements fail to properly raise an issue against any of these defendants concerning a lack of medical care.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that

the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED. Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b). A Final Judgment will be entered.

DATED this 2nd day of April, 2001.

_____
UNITED STATES DISTRICT JUDGE